THE STATE, EX REL. BARGAR, APPELLANT, *v.* GILLIGAN, GOVERNOR, APPELLEE.

[Cite as State, ex rel. Bargar, v. Gilligan (1974), 39 Ohio St. 2d 129.]

(No. 74-167—Decided July 17, 1974.)

*Mr. Ralph A. Bargar, in propria persona.*
*Mr. William J. Brown,* attorney general, and *Mr. John. T. Conroy,* for appellee.

*Per Curiam.* The Court of Appeals dismissed appellant's complaint for a writ of mandamus because it did not state a claim upon which relief can be granted. The cause is now before this court upon an appeal as of right.

The complaint alleges that James E. Hughel resigned his office as a member of the State Personnel Board of Review in July 1972, but has continued to serve as a member of such board. Appellant seeks a writ of mandamus to compel the appellee to give effect to the alleged resignation.

Appellant cites no authority which would impose a mandatory duty upon the appellee to perform the requested act. This court has held that a writ of mandamus will not issue to command the performance of an act which is not specially enjoined by law to be performed. *State, ex rel. Welsh,* v. *State Medical Board* (1945), 145 Ohio St. 74; *State, ex rel. Stanley,* v. *Cook* (1946), 146 Ohio St. 348.

A writ of mandamus may issue only to enforce an act which the law enjoins as a duty resulting from an office, and no such duty emerges from this record.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.